| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| RAYMUNDO MALDONADO, | § § § § § § § § § | |
| Plaintiff, | | |
| versus | | CIVIL ACTION H-06-604 |
| BYRAN COLLIER, *et al.*, | | |
| Defendants. | | |

## Opinion on Dismissal

Raymundo Maldonado sues Byran Collier, a Texas Board of Pardons and Paroles (Board) official, and Pamela Williams, a prison classification official. 42 U.S.C. § 1983.

1. *Claims*

Maldonado is serving two consecutive sentences. Maldonado claims that the defendants illegally extended his initial parole eligibility date by eight and a half years. Under the law, they should have first reviewed him for possible parole release in November 1997. Instead, they reviewed him for parole release during March 2005.

Maldonado received time sheets from 1994 through 1996, which showed a sentence begin date of November 9, 1991, and noted "Parole data submitted for parole eligibility review." (1), exhs. 1-12. Maldonado says this is consistent with the correct parole eligibility date. Maldonado next received a time sheet on March 20, 2000. *Id.*, exh. 13. This showed his eligibility date as May 24, 2009. In August 2001, he received another time sheet in which he says the Board changed his eligibility date to May 12, 2005. *Id.*, exh. 15.

Maldonado says because he was not schooled in law, he thought the May 12, 2005 eligibility date meant he had started serving his second sentence for parole eligibility purposes. When a parole officer interviewed him on March 16, 2005, Maldonado was shocked to learn that the 2005 parole review date was for his first sentence.

2. *Analysis*

The limitation period for section 1983 cases in Texas is two years. *Owen's v. Okure*,

488 U.S. 235 (1989); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). The limitation period starts when the plaintiff knows about the injury or has reason to know about it. *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980). A plaintiff need not realize that a claim exists; he need only know the facts that would support a claim. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Maldonado's claim is that the Board moved his parole eligibility review date from November 1997 to March 2005. Maldonado received a time sheet on August 16, 2001, showing his parole eligibility date as May 12, 2005. However, according to him, his earlier time sheets were consistent with a 1997 parole eligibility date, the proper reckoning. Changing Maldonado's parole eligibility from 1997 to 2005 is the essential fact of his claim.

When the prison first gave him a time sheet showing his parole eligibility date in 2005, he knew the facts of his claim, or at least enough to know he should ask somebody about the change. *Piotrowski*, 51 F.3d at 516 ("A person need not have actual knowledge if the circumstances would lead a reasonable person to investigate further."). The limitation period starts when the plaintiff "has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge." *Id*. That Maldonado was unschooled in the law does not matter. *Id*.

3.  *Conclusion*

The limitation period started, at the latest, on August 16, 2001, and ended on August 16, 2003. Maldonado sued on February 26, 2006. Maldonado sued more than two years after the statute of limitations expired.

This case is dismissed as time barred. The clerk will send a copy to the Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker, and to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793.

Signed June 9, 2006, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge