| United States District Court | Southern District of Texas |
|---|---|

Raymundo Maldonado, §
662281, §
        Plaintiff, §
         §
*versus* §     Civil Action H-06-604
         §
Byran Collier, *et al.*, §
         §
        Defendants. §

## Opinion on Dismissal

    Raymundo Maldonado sues Byran Collier, a Texas Board of Pardons and Paroles (Board) official, and Pamela Williams, a prison classification official. 42 U.S.C. § 1983.

    Maldonado is serving two consecutive sentences. Maldonado says the Board moved his parole eligibility review date from November 1997 to March 2005. He received a time sheet on August 16, 2001, showing his parole eligibility date as May 12, 2005. However, he says his earlier time sheets were consistent with a 1997 parole eligibility date, the proper reckoning. Maldonado claims that the defendants illegally extended his initial parole eligibility date by eight and a half years from 1997 to 2005.

    Maldonado's claim raises the question whether he should pursue it as a civil rights complaint under 42 U.S.C. § 1983 or a habeas corpus application under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). The Supreme Court considered the potential overlap between these two provisions, and held that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, though the literal terms of § 1983 apply to the claim. *Id*. The issue is whether the claim "would merely enhance eligibility for accelerated release" or "create an entitlement to such relief." *Cook v. Texas Department of Criminal Justice Transitional Planning Department,* 37 F.3d 166, 168 (5th Cir. 1994). Maldonado's claim, if successful, would not allow for immediate or speedier release, only an earlier review for possible release. Section 1983 is the proper remedial statute here.

    Texas statutes do not create a constitutionally protected liberty interest in parole

release. *Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997). "It follows that because [a prisoner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle*, 66 F.3d 71, 73-74 (5th Cir.1995) (citation omitted).

The reasoning in *Allison v. Kyle* applies to a claim that parole officials improperly determined a prisoner's parole eligibility on consecutive sentences. *Williams v. Johnson*, 118 Fed.Appx. 784 (5th Cir. 2004) (unpublished). In *Williams* the Fifth Circuit, citing *Allison v. Kyle*, upheld a denial of relief on the plaintiff's claim that the defendants improperly calculated his initial parole eligibility date on two consecutive sentences. *Id.*, *see also Williams v. Johnson*, Civil Action No. 1:04cv84 (W.D.Tx.) [Docket Entry No. 1, pp. 7-8]. Maldonado's claim mirrors Williams's claim.

Maldonado fails to state a claim recognized at law. 28 U.S.C. § 1915(e)(2)(B)(ii). This case is dismissed.

The Clerk will send a copy to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159, and to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793 by facsimile transmission, regular mail, or e-mail; and to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Three-Strikes List, by regular mail or e-mail.

Signed January 12, 2007, at Houston, Texas.

Lynn N. Hughes  USDJ
United States District Judge